The next case on the call today is agenda number six. Number 128438, People of the State of Illinois v. Justin D. Devine. Counsel, are you ready to proceed? Good morning, Your Honors. Counselor, may it please the Court, Assistant Attorney General Garson Fisher for the People. Your Honors, this is a sufficiency case, but there is no actual dispute about what happened here. The victim went into a Verizon store to change her cell phone carrier, gave her phone to the defendant for that purpose, and instead he took the phone to a hidden area, surreptitiously rifled through her photos until he found her private sexual images, and then sent those images from her phone to his phone. That act falls squarely within the plain language of the nonconsensual dissemination of private sexual images statute. The statute makes criminal any act which disseminates or spreads an image beyond the scope of the victim's consent. And when defendant, having gone through the victim's phone and found her private sexual images, attached those images to a text message and sent them to his phone, he spread those images beyond the scope of her consent and committed the offense of nonconsensual dissemination. Now, to be sure, nonconsensual dissemination can take on a number of different shapes. In Austin, this Court looked at a couple of them, including what we sort of typically think of the revenge porn case. But as this Court noted, that's a misleading title for this crime. To be sure, those cases involve first a consensual dissemination from the victim to the defendant, and then a nonconsensual dissemination. But even in Austin, this Court discussed another type of nonconsensual dissemination, where, for example, the defendant captures an image through, say, a hidden camera or coercing the victim into taking the image. And then the first dissemination of the image is the nonconsensual dissemination. This is just another example of a case in which the first dissemination of the image from the victim's phone was nonconsensual. My friend's argument asks this Court to carve out an exception to the statute that exempts that act from criminal liability. But that exception doesn't exist in the plain language of the statute, so the Court can't do that. And moreover, an exception like that would be contrary to the purpose of the nonconsensual dissemination statute. In Austin, this Court talked about the harms that this statute is meant to prevent. There's a first group of harms, the emotional distress, the fear, the embarrassment that comes simply from knowing that your private sexual images have been disseminated beyond the scope of your consent. And clearly, the victim here suffered those harms. In her own testimony, she said she freaked out when she realized that her images had been texted to a number she did not recognize. Moreover, there's a second group of harms that come from the fear and the risk of discrimination or harassment or even physical injury that can come from having your private sexual images out there in public. And by public, all I mean is beyond the scope of the victim's consent. And those harms are present here, too. The defendant had the images, knew the victim's identity, knew her phone number. He could have used those images to harass her or attempt to coerce her, for example, into not reporting his crime. So all of the harms that the statute is meant to protect against are at issue in a case like this. And carving out an exception, especially one not found in the plain language of the statute, for this kind of nonconsensual dissemination would be contrary to the legislative purpose of protecting people from those harms. Counsel, I have a question. Is this boiled down to how we define disseminate? And should we rely on the definition in Austin? Well, first, Your Honor, yes. I mean, to a certain extent, this is a question of statutory construction that's based purely on the ordinary definition of the word disseminate, which this Court did define in Austin as to spread. That is the ordinary dictionary definition the Court was looking to, I believe Webster's when it drew that definition in Austin. Even if the Court wanted to look to additional sources, like the Civil Remedies Act definition, which says to spread to another person, that definition is entirely consistent. Because by spreading the image to another person other than the victim depicted in the image, the defendant has disseminated the image under both this Court's definition in Austin, the dictionary definition, and the General Assembly's definition that it chose for the civil remedy. And that makes perfect sense for the reasons discussed, the crux of the offense being consent. And once the image is spread beyond that circle of consent, the harms come into play. It would also be an absurd result to suggest that if the same defendant took the phone, rifled through the images, found the private sexual images, attached them to a text message, and typed in a friend's phone number instead of his own phone number, then he would be guilty of this crime. But by sending the images to himself instead of a friend, he's somehow immune from criminal liability for the act. My question deals not with dissemination, but with what it means to be identifiable and to whom. These images didn't include the victim's face or fingernail polish, but to whom do these have to be? Is it something to the general public, to another? Who do they need to be identifiable to? Well, it's certainly not to the general public. And I can use a couple of examples to sort of demonstrate why. So identifiable means capable of being identified. So looking at the plain language of the statute, it suggests that capable of being identified by anyone, any one person, would be sufficient. Again, the General Assembly in the civil remedy suggested it's capable of being identified by someone other than the victim herself. I don't necessarily think, for reasons I'll expound on in a second, that this court should necessarily read that into the criminal statute. But even if it did, the evidence here, viewed in the light most favorable to the state, was certainly sufficient for a reasonable trier of facts to conclude that based on the image and the attached information, that defendant was capable of being identified. In fact, the court found that the defendant, based on the image and the attached information, which included the phone number, which he knew to be defendant's phone number, that he had texted himself these images from defendant's, excuse me, the victim's phone number, that he had texted himself the images from the victim's phone, that defendant himself was capable of identifying the victim from the images and the attached information. Moreover, the victim... Was it, I mean, based on a premise that, in fact, he would have known at the time that he sent them that they were, in fact, photos of the victim, correct? Well, there is another plausible explanation, that she had someone else's private sexual images on her phone, but the mere fact that there is a plausible alternative explanation doesn't mean that, viewing the evidence in the light most favorable to the state, it was unreasonable to infer that he knew those to be her private sexual images that he had sent himself from her phone. Moreover, she did testify that she was able to identify herself, and even if we ask the question, is she capable of being identified by someone else, the fact that she could identify herself is additional evidence that suggests that someone else, perhaps a former intimate partner or current intimate partner, also might be capable of identifying her from those images. So, if you imagine a scenario where someone's driving down the street and sees a billboard with a private sexual image of themselves on it, implausible, but if we make it a website or a social media outlet, it becomes the less implausible scenario, and they can identify themselves, all of those harms, the embarrassment, the fear, the risk of harassment or discrimination based on having your image out in public, come to pass because you know that there might be someone else capable of identifying you. Again, it could be a former intimate partner only, but that there might be someone else out there who's capable of identifying you from that image. This court, for example, in the context of the child pornography statute, found that where the victim's mother was the only person who they had evidence was capable of identifying her, that the harms and risks of having these private sexual images exist still came to pass. So it doesn't matter that the judge or the investigating officers, for example, in this case, couldn't identify the victim. It is sufficient that she was capable of being identified by someone. We use the example in our briefs of an image that captures someone's intimate parts and a distinctive inner thigh tattoo that perhaps only a former or current intimate partner might be capable of identifying the victim from that image. If that image is disseminated beyond the scope of the victim's consent, that's still nonconsensual dissemination, and all of the harms that that statute is meant to protect against come into play, even if the general public seeing that image online might not be able to identify the victim. So for all of those reasons, as well as those discussed in our briefs, unless the court has additional questions, people would ask this court to reverse the judgment of the appellate court and affirm the defendant's conviction. Thank you, Your Honor. Thank you, Counsel. Counsel to the appealee. Chief Justice Steeves, Justices of the Court, Counsel. May it please the Court, my name is John Gaffney, and I represent the appelee in this matter, Justin Devine. The matter before the Court is relatively straightforward. Does 720 ILCS 511-23.5b require both the dissemination of explicit photographs to others as well as identifiable information contained in those photographs in order to obtain a conviction under the statute? Despite the State's strained interpretation under both the statute itself as well as this Court's decision in Austin, the answer is clearly and unequivocally yes. I won't repeat to this Court its holding in Austin. The Court is, of course, well aware of it. Rather, what I would like to do is to contrast the State's current arguments with both the findings in Austin and the appellate court opinion below. The first issue, of course, is dissemination. What the State is attempting to do is the State is trying to turn a statute that requires dissemination to another person into a felony conviction for merely accessing data without authorization. It's the State's position that the mere transfer of personal photos to the defendant's cell phone without anything further satisfies the dissemination requirement under the statute. Ginsburg. Ginsburg. Can you respond to your opponent's hypothetical that if the defendant had sent the defendant a friend rather than to himself, you wouldn't be arguing that that is not dissemination? So what's the difference? Oh, absolutely not, Your Honor. And I think the problem, if you look at what the statute requires, the statute requires dissemination. And I think the Doctrine of Empire and Materia answers Your Honor's question. What do you do? How do you define dissemination? Well, actually, the legislature has defined dissemination, Judge. Yes, but I want you to tell me what you think within the context of your argument and these facts. What's dissemination? Dissemination is transferring those images to someone else other than the defendant. And I think that's important, Judge, because if you look at what the State is arguing is that just getting the photos, just obtaining the photos, is in and of itself dissemination. But it's not. If you look at, there's the computer tampering statute, which is 720-ILCS-5-16D-1. It's a Class A misdemeanor. That makes it unlawful to unlawfully access someone's computer or someone's electronics and obtain information from it. Now, what's interesting is the State in their briefs mentioned three cases. Or I should say yes, ma'am. He doesn't just obtain it. He disseminates it to himself. It's someone other than the victim. And I don't believe that's what the legislature intended, Your Honor. I think if you look at the, not only what the purpose of the revenge porn statute was when it was drafted, but also the Civil Remedies for Nonconsensual Dissemination of Private Sexual Images Act, which is the civil corollary of the criminal statute, they define dissemination. That's at 740-ILCS-190-5. In the companion statute, dissemination is defined as dissemination or disseminate means publication or distribution to another person without intent to disclose. And so couldn't the legislature have used that very same language in this statute? They could, Judge, although this statute was drafted prior to that, Judge. I understand that, but those words were available and they could have used that language, correct? They could have, Your Honor, but I think that the use of the word disseminate is so, quite honestly, it's common. When you think about disseminate, think about when we use the phrase, and counsel used the phrase spread, that he spread this. As justices and as attorneys, we use the phrase to spread of record. What does that mean? When you spread something of record, you make it public. When you spread something of record, it doesn't mean I'm going to go and get a copy for myself. It means I'm going to take whatever it is and I'm going to make it available and known to the public. And that's the purpose of the revenge porn statute. Because they had no relationship with one another. Isn't he the public to her? I don't believe so, Your Honor. And I think it's important, again, to look at, in Parliament's area, and although Your Honor is correct, they didn't use that. But if you look at both statutes together and you try to basically join those statutes together so they're read in harmony, then I think that it's clear that dissemination as used in the criminal statute means to publication or distribution to another person with intent to disclose. And what's very interesting is the State mentions the... Ginsburg. I don't understand what you just said. Can you explain it again? In response to Justice O'Brien's question, isn't the defendant the public to the victim because she didn't know him? Oh, I understand. And I think it's important. And perhaps the way to answer Your Honor's question is this. The State mentions three media articles where they talk about someone else's cell phone store in Utah and then two in Florida took images from someone else's cell phone, and they were arrested, and therefore it supports the dissemination to one person. But what the State didn't do is I don't think the State looked at the underlying facts of those cases, but I did. For instance, the case in Utah involved a cell phone store employee. It was Esteban de Jesus Anica who obtained private photos from someone's camera roll. But he was not charged under the Utah Revenge Porn Statute, which is 76-5B-203, because that statute requires distribution to any third party. He was charged for basically the Illinois equivalent of computer tampering. Does our statute require distribution to a third party? Is that the language used in our statute? It doesn't require, per se, distribution to a third party, Your Honor. You're absolutely correct. But I believe that when the legislature wrote the statute, the meaning of the word dissemination, quite honestly, it's pretty clear. It means you've got to take it and give it to someone else. So it's, again, spread of record so the public is aware of it. If you look at, for instance, this Court's decision in Austin. Ginsburg-Gillis. Counsel, I still would like you to answer the question. She did not know this man. Was not he – wasn't he the public to her? The public means public, somebody that you don't know. So was he the public to her or not? I don't think he was, Your Honor. And I think the – So he was a known person to her? If he wasn't the public to her, what was he? Well, and Your Honor, I think what Your Honor is getting to is the State's argument in regards to – No, I'm asking exactly what I want to ask. Don't – don't say what I'm getting to. I apologize, Your Honor. I don't believe in the context of the revenge porn statute he would be considered the public because he is the person who has access to the information. And that's what I think the crucial distinction is. Without her consent. Yes, Judge, although the appellate court said consent is an issue here. I mean, the revenge porn statute was drafted not to – in response to employees at a phone store, but because of known people, people that had been in a relationship with one another, correct? Absolutely, Your Honor. So under the statute, to say that he would not have been considered the public, I think would, you know, make it seem as if the legislature was considering this exact situation when they said it had to go to another. Your Honor, I don't think so. And I think it's important. Really, the distinction here, and as Your Honor had pointed out, the State argues consent, that she didn't consent to the release of these photos. But the appellate court addressed that. And the appellate court stated that consent is not an issue because the statute only requires that the images be obtained under circumstances where it would be reasonable to believe that someone would want to keep them private. So the issue of whether she consented or didn't consent really isn't the issue in this case. And I don't believe, to answer Your Honor's question, I don't believe it was the legislature's intention that anybody accessing private photos would be found liable under this statute, because the computer tampering statute already exists and the computer tampering statute makes the access of someone else's technology and copies something from it. That in and of itself is a crime, but it's a class-A misdemeanor. And I don't believe that the legislature intended to take the exact same action that you would have in the computer tampering statute and make it a felony if you did the exact same thing here. And that's an important distinction here. But counsel. Yes, Judge. But you're looking at the purpose of the statute. The harm is the same, whether it's disseminated under what you say is the common definition to the third party or just send it to yourself. What's the difference in the harm to the victim? Yeah. I understand where Your Honor is getting with that. And I think that goes, in some respects, into the second argument, which is identifiable photographs. Because I think if you look at the requirement under the statute that the photographs be identifiable, it's clear from the record that the images are not identifiable. They're completely anonymous. And as this Court stated in Austin, the person portrayed in the image must be over the age of 18 and identifiable from the image or information displayed in connection with the image. And as this Court again stated in Austin, the statute is inapplicable if the image does not contain sufficient information to identify the person involved. And that goes to Your Honor's question. Is the harm the same? It would be different, Your Honor, and I think it would be a valid argument to say, well, she has the same harm if you could tell it was her. But that's not what happened in this case. In this case, and even the State, the trial judge of State and the appellate court, no one disagrees that these photographs were anonymous photographs, that there's nothing in the photograph in and of itself that you could use to identify who the person depicted in the photograph is. And again, the doctrine of imperimaturia, if you look back towards the corollary of civil statute, 740 ILCS 190-5, states identifiable means recognizable by a person other than the depicted individual from a private sexual image itself or from a private sexual image and identifying characteristics displayed in connection with the image, and that an identifying characteristic means information that may be used to identify the depicted individual. Again, there's no disagreement amongst all the parties here that the images were completely anonymous and there was nothing in the images that you could use to directly identify the victim. The images did not depict, for lack of a better word, the who, what, where, and when of who's identified in the picture, and that's what's required under the statute. The State's only response to this is, well, but J.S. could identify herself in the picture. But again, if you look at the statute, and in fact, if you look at the two corollary statutes that I looked at, the statute from Utah and the statute from Florida, which were the cases mentioned by the State in their brief, you know, with their media reports, the first case there, the Utah statute, he was charged with computer tampering, basically our version of computer tampering. He was charged with unlawful access and copying of data. In the Florida case that involved Kenneth Hilario Sanchez, that involved a charge under Florida Statute 815.063b2, which again is a statute dealing with unauthorized access and copying, because the Florida Revenge Warrant Statute, which is 784.049 requires publication to another person. The last case that they spoke about, Joshua Stewart, the media report clearly indicated that the defendant not only accessed the private photos, but he shared them with another employee and a random customer who had entered the store. That did not happen here, and there's no contention that it did. I believe when you look at the appellate court's analysis of this court's decision in Austin, it was entirely correct in its analysis. The statute involved here, as well as the application of the facts, show that Mr. Devine did not disseminate these images within the meaning of the statute, and even if Your Honor's finding he did, the pictures in and of themselves are not identifiable as required under the statute. You cannot tell who the person is that is depicted in them. Therefore, I would respectfully petition this Court to affirm the decision of the Second Appellate District reversing Mr. Devine's conviction under this statute. Do Your Honors have any more questions for me? Okay. Thank you very much, and it has been an honor. Thank you, Counsel. Counsel for the appellant, Amy Rapata. Senator, can I ask a question here? We're struggling, obviously, with the definition of the word disseminate, and we know that in other statutes, a number of other statutes, the child pornography is another one, that the legislation has chosen specific language to define disseminate, to mean to a third party, to another. That language doesn't appear here, and we're trying to figure out what does that mean. Counsel has pointed out that there is another statute, computer tampering. It makes it a crime for someone without authority to take information from a computer, the taking part of it. That's already a crime. You're suggesting that this statute that we're talking about here criminalizes the same kind of taking but specific kind of information from a computer, that is sexual pictures. Does that make sense? Would this defendant be guilty of both the taking and the dissemination in the same moment? Well, I have a couple of responses. I'm sorry, was there another question from this side? I have a couple of answers to your honors question. First off, there are certainly numerous examples of conduct that violates multiple statutes, and there wouldn't be some sort of identical elements problem, for example, here, because, as you note, the information that was disseminated here is specifically private sexual images, which is a very narrowly specifically defined category, which is part of why the statute survives First Amendment scrutiny. So, you know, to be sure, the defendant's acts here might have violated several crimes. That is not that atypical. I do think in the context of the nonconsensual dissemination statute that my friend's argument may have conflated a little bit when the images were obtained versus when they were disseminated. I don't think they happened at the same time. I think obtained for purposes of this statute has to mean obtained control over so that it is possible to disseminate them, because otherwise, for example, if a victim went into a camera store to develop photos and the worker in the camera store saw there were private sexual images and printed out an additional copy to disseminate to his friend, no one would dispute that that is nonconsensual dissemination if he then gave the, you know, the images. He hasn't permanently obtained them. What if he kept it for himself? That's where we are. Well, yes, Your Honor, and I think at that point, you know, that is nonconsensual dissemination because her circle of consent to the possession of these images was herself. And, you know, Your Honors are asking, well, isn't he the public for purposes of this statute? Yes, this Court recognized in Austin that the crux of this statute is that circle of consent, that people do have the right to produce and possess and share with those others to whom they consent private sexual images, but that as soon as that image is spread beyond that circle of consent, that that's the crux of this offense, that's the harm that comes, and that is what the plain language of the statute says. Nowhere in our statute does it require dissemination to a third party. The words to another person don't appear in our statute. I think, you know, our statute certainly is broader than perhaps any other state. I mean, in the First Amendment context, we don't talk about this in our briefs because there was no First Amendment issue here, but in the First Amendment context, some other states have commented on the fact that their statutes are more narrowly, you know, described than ours. Our statute doesn't require dissemination to a third person. Our point in pointing to these other examples is to point out that this type of nonconsensual dissemination is a real problem. It is something that is happening, and it is part of the group of nonconsensual dissemination type crimes that the General Assembly is protecting against. I would also, Your Honor, point specifically to, you know, what I do think, if we are going to look to other statutes as opposed to this Court's definition, the dictionary definition from Austin, you know, the statute that might provide the most guidance is the Civil Remedies Act. If we look at the definition there of dissemination and put it into the context of that statute, that statute reads, and again, let me back up one step. The definition of dissemination there is publication or distribution to another person. But if we read that in the context of that statute, what it says is, if a depicted individual is identifiable to a reasonable person and suffers harm from the intentional publication or distribution to another person by a person over the age of 18 of a private sexual image without the depicted individual's consent, the depicted individual is a cause of action. The to another person in that context is clearly to another person other than the victim. So if a person depicted in an image suffers harm from the publication or distribution of that image to someone else, then that's the cause of action. It doesn't say to someone other than the defendant in the civil action or in the criminal action. So because he obtained control over the images so that he could disseminate them when he rifled through her phone and accessed her photos and found her private sexual images and then disseminated them when he attached those images to a text message and sent them to someone to whom she did not consent, albeit himself, the statute doesn't have any limitations on that front. He disseminated those images beyond the circle of her consent. He committed the crime of nonconsensual dissemination. So obtains means the same thing as disseminate? Not necessarily, but even if obtaining and disseminating happened at the same time, that wouldn't be a problem. I do think in the context of this statute, obtain meant he obtained control over by accessing her phone, going through it, and finding the photos. So now he had control over those photos. Disseminating them was attaching them to a text message and sending them out into the world beyond her circle of consent. But even if he obtained the photos and disseminated them in one act, that wouldn't be a problem for purposes of the statute. There are various crimes. Shooting someone is both performing the act and killing the victim. I mean, there's no requirement that obtain and disseminate happen at different times, although I do think they do in this case. If you've asked us to draw from the civil remedies statute for purposes of dissemination, you've also said that we should not draw from the same statute for purposes of identification. Can you explain why one is favored and one is not? Well, to be clear, Your Honor, the definitions for the Civil Remedies Act are not directly applicable in the criminal context for either. My point is merely that the definition that this court adopted in Austin, the definition taken from the dictionary for disseminate, is entirely consistent with the definition of disseminate in the Civil Remedies Act. I think identifiable, you know, again, to the extent that the court does look to the Civil Remedies Act and asks if the victim here was identifiable to someone other than the victim, the evidence still demonstrates that she was. These images are no more anonymous than the images that the court found made the victim identifiable in Hollins. You know, both were images, close-up images of someone's intimate parts. There, the victim's mother was able to identify her based on her grooming. Here, the court inferred that someone would be capable of identifying the victim based on her hands and her nail polish, which the defendant was obviously aware of the nail polish that she was wearing in the images. I mean, certainly another trier of fact might have found that the evidence wasn't sufficient to establish identifiable here. But viewing the evidence in the light most favorable to the state, looking at the definition of identifiable, capable of being identified, given the fact that her phone number was attached to the images, because again, we're not just looking at the images. We're looking at the attached information. Given that she was wearing the same nail polish in the images as she was that day in the store, given her own testimony that she was able to identify herself from the images, all of that together was sufficient for a reasonable trier of fact to have found, beyond a reasonable doubt, that she was capable of being identified from these images, and that's all the statute requires. Unless the court has any further questions, we ask that you reverse the judgment of the appellate court and affirm the defendant's conviction. Thank you. Thank you very much. This case, number six, number one, two, eight, four, three, eight, People of the State of Illinois v. Sustan D. Devine, will be taken under advisory.